# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BRIAN WARGO § | |
| § | |
| v. § | Civil Action No.  4:20-cv-00511 |
| § | Judge Mazzant |
| STATE FARM MUTUAL AUTOMOBILE § | |
| INSURANCE COMPANY § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Amended Motion to Dismiss or for a More Definite Statement (Dkt. #13).  After reviewing the Motion, briefing, and relevant pleadings, the Court finds the Motion should be **DENIED** as to Plaintiff Brian Wargo's ("Mr. Wargo") claims for Breach of Contract and Quantum Meruit.  As to the remaining claims, Mr. Wargo should be given leave to amend his complaint and the Motion should be **DENIED as moot.**

## BACKGROUND

On August 4, 2020, Mr. Wargo filed his Amended Complaint against State Farm, alleging wrongful termination, breach of contract, quantum meruit, violations of the Fair Labor Standards Act ("FLSA"), fraud, and negligent misrepresentation (Dkt. #10).  On August 24, State Farm filed its Motion to Dismiss (Dkt. #12) and its Amended Motion to Dismiss (Dkt. #13).  On September 4, Mr. Wargo responded and argued the Motion should be denied or, alternatively, he should be granted leave to amend his complaint (Dkt. #16).  On September 18, State Farm replied (Dkt. #20).

**LEGAL STANDARD**

I.     **Federal Rule of Civil Procedure 12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. Federal Rule of Civil Procedure 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading once at any time before a responsive pleading is served without seeking leave of court or the consent of the adverse party.  FED. R. CIV. P. 15(a).  After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave."  *Id.*  Rule 15(a) instructs the court to "freely give leave when justice so requires."  *Id.*  The rule "evinces a bias in favor of granting leave to amend."  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).

But leave to amend "is not automatic."  *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).  Whether to allow amendment "lies within the sound discretion of the district court."  *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992).  A district court reviewing a motion to amend pleadings under Rule 15(a) may consider "whether there has been

'undue delay, bad faith or dilatory motive, . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

## ANALYSIS

After reviewing the Motion, briefing, and relevant pleading, the Court finds that Mr. Wargo has stated plausible claims for Breach of Contract and Quantum Meruit. For the remaining claims, the Court finds that granting Mr. Wargo leave to amend his complaint is appropriate.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Brian Wargo file a second amended complaint no later than November 13, 2020.

It is further **ORDERED** that State Farm Mutual Automobile Insurance Company's Amended Motion to Dismiss or for a More Definite Statement (Dkt. #13) is **DENIED** as to Mr. Wargo's claims for Breach of Contract and Quantum Meruit and **DENIED as moot** to the remaining claims.

**SIGNED** this 29th day of October, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE